# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TERRAN FURNACE, Petitioner, v. GEORGE GIURBINO, et al., Respondents. | 1:11-cv-00682-JLT HC FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO UNITED STATES DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 28, 2011, Petitioner filed his petition for writ of habeas corpus. (Doc. 1). In his petition, Petitioner raises four claims, all of which directly or indirectly challenge a "gang validation" determination by Respondent that resulted in Petitioner's confinement in the Special Housing Unit ("SHU"). (Doc. 1). Petitioner alleges that the gang validation and SHU confinement, based at least in part upon what Petitioner alleges are his possession of prison-approved reading and audio materials, violates his First Amendment right to free speech and his Fourteenth Amendment rights to due process and equal protection. (Doc. 1, pp. 9-10).

///

///

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B. The Instant Petition Fails To Allege Cognizable Habeas Claims.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner contends that Respondent violated Petitioner's federal constitutional rights by making an adverse "gang validation" based upon Petitioner's possession of lawful materials that resulted in Petitioner's confinement in the SHU. Petitioner does not challenge either his underlying conviction or sentence. Indeed, Petitioner expressly alleges that he "does not challenge the basis of his criminal conviction in these proceedings." (Doc. 1, p. 1).

As such, Petitioner is challenging the conditions of his confinement, rather than the fact or duration of that confinement.  Accordingly, Petitioner is not entitled to habeas corpus relief, and this petition should be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## ORDER

Accordingly, the Court HEREBY ORDERS as follows:

1. The Clerk of the Court is DIRECTED to assign this case to a United States District Judge.

## RECOMMENDATIONS

For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be dismiss for failure to state a claim upon which habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **May 20, 2011**                                     /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE